IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| REI HOLDINGS, LLC fka NEFF COMPANIES, LLC dba REI HOLDINGS, a Utah limited liability Company;<br><br>    Plaintiff,<br>v.<br><br>LIENCLEAR – 0001, LLC, a New York limited liability company; BCMG, LLC, a Puerto Rico limited liability company; BFNH, LLC, a Delaware limited liability company; TOM MCOSKER, an individual; DONALD BYRNE, an individual; BEN EDWARDS, an individual; OPTIMUM ASSET MANAGEMENT, LLC, a North Carolina limited liability company; DAN FRIEDMAN, an individual; 111 WHITNEY AVENUE, INC. dba THE MARCUS LAW FIRM, a Connecticut Corporation;<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER TO SHOW CAUSE ON JURISDICTION**<br><br>Case No. 2:17-cv-564-CW<br><br>Judge Clark Waddoups |

Plaintiff REI Holdings, LLC (REI) has filed a complaint asserting the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*See* Dkt. No. 2 at ¶ 10.) The complaint, however, contains several deficiencies with respect to REI's jurisdictional allegations, such that the court cannot determine whether it in fact has diversity jurisdiction over this action.

This court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) (quoting *Tafoya v. U.S. Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United*

1

*States v. Cotton*, 535 U.S. 625, 630 (2002)). Consequently, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* (citation omitted). "Congress has exercised its prerogative to restrict the subject-matter jurisdiction of federal district courts based on a wide variety of factors . . . ." *Id.* at 515 n.11. Diversity jurisdiction requirements are one such limitation. *See* 28 U.S.C. § 1332(a); *City of Indianapolis v. Chase Nat. Bank of City of N.Y.*, 314 U.S. 63, 77 (1941) (discussing congressional policy behind diversity jurisdiction requirements, which requires federal courts to "scrupulously confine their own jurisdiction to the precise limits which the statute has defined").

First, REI alleges 111 Whitney Avenue, Inc. dba The Marcus Law Firm ("Marcus") is a Connecticut corporation. (*See* Dkt. No. 2 at ¶ 9.) Although REI appears to allege Marcus's state of incorporation, REI does not allege Marcus's principal place of business. "For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Grynberg v. Kinder Morgan Energy, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (citations omitted); *see* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."). Both must therefore be pled as to Marcus.

For unincorporated entities, the court's "diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of all [its] members." *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (quoting *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990)). Moreover, "where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Lincoln Benefit Life*

*Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (3d Cir. 2015) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)); *see Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011) ("We note as well that this jurisdictional issue has the potential to be iterative. If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered."); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) ("[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each sub-member as well." (quotation omitted)); *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be."). The court finds a number of deficiencies in the jurisdictional allegations pertaining to the LLCs in this case. First, REI alleges it is a "limited liability company doing business in the state of Utah," but fails to allege the citizenship of each of its members. (*See* Dkt. No. 2 at ¶ 1.) Next, REI alleges LIENCLEAR – 0001, LLC ("LienClear") is a Delaware limited liability company, (*see id.* at ¶ 2), but this assertion conflicts with the case caption, which states LienClear is a New York limited liability company. Moreover, this assertion fails to allege the citizenship of each of LienClear's members. REI also fails to allege the citizenship of each of BCMG, LLC's, BFNH, LLC's, and Optimum Asset Management, LLC's members. (*See id.* at ¶¶ 3, 7.) Finally, paragraph 22 of the complaint discusses an entity named "SAFE" that is not included in the jurisdictional allegations or case

caption. If REI intended to sue "SAFE," REI must also include appropriate jurisdictional allegations as to that business entity, whether it is a corporation, LLC, or some other entity.

With respect to natural persons, diversity is also based on the person's citizenship. REI pleads the residences of Defendants Tom McCosker, Donald Byrne, Ben Edwards, and Dan Friedman, (*see* Dkt. No. 2 at ¶¶ 4, 5, 6, 8), but such allegations are insufficient to establish diversity jurisdiction. "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs*, 781 F.3d at 1238 (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972)). Indeed, "an allegation that a party . . . is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court." *Id.* A person is domiciled in a state "when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). REI must allege the domicile or citizenship of each of the individual defendants.

Due to the deficiencies identified above, REI has not satisfied the pleading requirements for diversity jurisdiction in this case. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991))). The court therefore ORDERS REI, **on or before June 30, 2017**, to show cause why the complaint should not be dismissed for lack of jurisdiction or to amend the complaint to plead properly the citizenship of the business entities and the natural persons joined on this action. Failure to do so will result in the action being dismissed for lack of jurisdiction.

SO ORDERED this 14th day of June, 2017.

BY THE COURT:

_____
Clark Waddoups
United States District Judge